## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WENDY D. P.,[1]                         )
                                        )
                    Plaintiff,          )
                                        )          CIVIL ACTION
v.                                      )
                                        )          No. 19-4040-JWL
ANDREW M. SAUL,                         )
Commissioner of Social Security,        )
                                        )
                    Defendant.          )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's Sjögren's syndrome, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING the case for further proceedings consistent with this decision.

I.      Background

_____

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed an application for DIB on August 19, 2015.  (R. 81, 444-45).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in considering her impairments, that the ALJ assessed the residual functional capacity (RFC) improperly and it is not supported by substantial evidence, that the Appeals Council erred in failing to consider and exhibit the additional evidence presented to it, and that the vocational expert testimony is erroneously based on hypothetical questions which do not include all of her limitations.  She asks that the case be remanded to the Commissioner for an immediate award of benefits.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the

2

evidence not only <u>supports</u> [a contrary] conclusion, but <u>compels</u> it." <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005); <u>see also</u>, <u>Bowling v. Shalala</u>, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

3

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  Remand is necessary here because of error in the ALJ's evaluation of Plaintiff's Sjögren's syndrome, therefore Plaintiff may present her remaining arguments to the Commissioner or remand.  The court will not provide an advisory opinion on those arguments

I.      **Discussion**

Plaintiff claims the ALJ failed to consider all her impairments singly and in combination at steps two through five in his application of the sequential evaluation process.  As relevant to this court's conclusion that remand is necessary, she argues that

the ALJ "improperly failed to consider Plaintiff's Autoimmune Deficiency" and his "evaluation of Plaintiff's … Sjogren's syndrome was also inadequate." (Pl. Br. 4). She argues he "failed to discuss the evidence regarding Plaintiff's Sjogren's syndrome [and] simply concluded Plaintiff's Sjogren's syndrome did not 'meet' the requirements of Listing 14.10." Id.

The Commissioner responds that Plaintiff "argues without discussion or support that the ALJ did not sufficiently discuss the Listing[]" for Sjögren's syndrome and "fails to even suggest, much less point to evidence, that the requirements of th[is], or any other Listing[] were met." (Comm'r Br. 10). He argues that because Plaintiff did not meet her burden to demonstrate the Listing was met, she cannot claim reversible error at step three of the process. Id.

In her Reply Brief Plaintiff cites extensively to section 14.00, Immune System Disorders, of the Listing of Impairments and argues "the ALJ improperly failed to consider Plaintiff's well-documented recurrent infections, severe fatigue, fever, malaise, and diffuse musculoskeletal pain, in evaluating her Immune System Disorders/ Impairments at Step Three." (Reply 5). She argues the ALJ failed to explain the basis for finding Plaintiff's Sjögren's syndrome "does not meet the requirements of Listing 14.10." Id. (quoting R. 86). She argues that the listings for Immune Deficiency Disorder, Listing 14.07C (which Plaintiff alleges she has, but the ALJ did not find or discuss), and for Sjögren's syndrome, Listing 14.10B (which the ALJ found to be a severe impairment), each require repeated manifestations with identical criteria. Id. at 6.

## A.    The ALJ's Relevant Findings/Discussion

The ALJ found Plaintiff has severe impairments including Sjögren's syndrome. (R. 83).  The ALJ acknowledged that Plaintiff has allergies to some medications but found "nothing to indicate, however, that these allergies would have any effect upon her work-related functional abilities."  Id. at 84.  The ALJ noted that Plaintiff has medically determinable impairments of anxiety and depression which are not severe.  Id.

The ALJ found Plaintiff does not have an impairment or combination of impairments which meets or medically equals the severity of a listed impairment.  Id. at 85.  He found:

> The claimant's condition does not meet the requirements of Listing 14.10, *Sjogren's syndrome* because she does not have involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity, and at least two constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).  The claimant does not have repeated manifestations of Sjogren's syndrome, as above, with limitation of activities of daily living, limitation in maintaining social functioning, or limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Id. at 86.

> The ALJ noted Plaintiff
>
> testified that she has Sjogren's syndrome, an autoimmune disorder.  She reported that, as a result of this condition, she gets frequent infections, which take a long time to heal, as she cannot take most antibiotics. … The claimant reported that she fatigues easily, and often has to lie down during the day to rest.  She indicated that this is, in part, due to the side effects of her pain medication, which makes her feel sleepy.

Id. at 87.  He found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  Id.

The ALJ acknowledged Plaintiff's "history of treatment for chronic aches and pains" and "frequent sinus infections," that she was diagnosed with Sjögren's syndrome based on a lip biopsy, and was "treated with Plaquenil and prednisone, which are reportedly helpful, particularly with the claimant's arthralgias." (R. 87-88). He found that

> despite her various impairments, the claimant's physical examination findings have been relatively good [and her] pain and fatigue have been accommodated within the above residual functional capacity assessment, but further restrictions are not warranted by the evidence.

Id. at 88.

The ALJ accorded some weight to the medical opinion of the state agency medical consultant, Dr. Landers; great weight to the single opinion of both Psychological consultant examiners, Mr. Walters, LCP, and Dr. Davis; some weight to the opinion of the state agency psychological consultant, Dr. Blum; and little weight too each of the opinions of Plaintiff treating primary care physician, Dr. Mills, and another treating physician, Dr. Sourk. Id.

**B.** **Analysis**

The Commissioner is correct that in order to succeed in claiming a step three error, a claimant must allege her condition meets or equals a particular listed impairment. However, while a claimant bears the burden before the agency to present evidence her condition is disabling, once the agency has made a decision, her burden before the court is to demonstrate either that the Commissioner's decision is not supported by substantial evidence (that the record evidence compels a contrary conclusion), or that the decision-

maker (the ALJ in this case) applied the incorrect legal standard.  As Plaintiff makes clear in her Reply Brief, it is her contention her condition both meets and equals Listing 14.10B for Sjögren's syndrome.  (Reply 6).  However, she argues the ALJ failed properly to consider the evidence as it relates to the requirements of 20 C.F.R., Pt. 404, Subpt. P., App. 1 § 14.00 and Listing 14.10B.  In other words, Plaintiff argues she presented evidence that her condition meets or equals Listing 14.10B, but that the ALJ erred by ignoring it or failing to consider it according to the requirements of the Listings.  The Commissioner's argument that Plaintiff does not point to evidence which compels finding her condition meets or equals the listing asks the court in the first instance to weigh that evidence and find it does not compel such a finding.  Weighing the evidence is the Commissioner's duty and is something the court is forbidden.  It is for this reason remand is necessary—for the Commissioner properly to consider the evidence in accordance with 20 C.F.R., Pt. 404, Subpt. P., App. 1 § 14.00 and Listing 14.10B.

The issue Plaintiff raises in this case is not her mental or physical <u>functional</u> limitations, it is the limitation caused by her alleged inability to be present for work on a regular and continuing basis, eight hours a day, five days a week, because of limitations resulting from her impairments or the treatment for her impairments.  She acknowledged that the ALJ stated her condition does not meet or medically equal the criteria of Listing 14.10 for Sjögren's syndrome but argues he did not discuss or explain in what respect her condition does not meet the criteria.

As Plaintiff suggests, the Listings for Immune System Disorders explains how the agency is to consider the effects of treatment when evaluating an immune deficiency

8

disorder.  20 C.F.R., Pt. 404, Subpt. P, App. 1, § 14.00G.  That section requires the

agency to consider the intrusiveness and complexity of the treatment and provides as

examples "the dosing schedule, need for injections."  Id. § 14.00G(1)(c).  It requires

consideration of "[t]he duration of treatment" and "[a]ny other aspects of treatment that

may interfere with [the claimant's] ability to function."  Id. § 14.00G(1)(g & h).  It

requires consideration of the variability of a claimant's response to treatment, noting that

some claimants may have an initial positive response to a drug with later decreasing

effectiveness.  Id. § 14.00G(2).

In her Brief, Plaintiff presents six pages of citations to instances of recurring

treatment for infections, rashes, and other symptoms allegedly resulting from her immune

system disorders which were neither cited by nor discussed by the ALJ.  (Pl. Br. 11-18).

The court acknowledges that the ALJ is required to consider all the evidence, not to

discuss or to cite it, although Plaintiff's argument can be seen to assert that anything not

specifically cited or discussed by the ALJ was not considered by him.  Nonetheless, in

light of the preceding paragraph's explanation of the treatment considerations required,

the court finds that the presence of certain facts gives it pause regarding whether the ALJ

considered all the evidence required to be considered.  In any case, the court finds the

ALJ failed to include a narrative discussion which explains how any ambiguities and

material inconsistencies in the evidence were considered and resolved.  Soc. Sec. Ruling

(SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2020).

The facts most relevant to the court's finding are:  On numerous occasions

Plaintiff was noted to be taking intravenous (IV) antibiotics—apparently on a daily basis,

and apparently in some cases for multiple weeks at a time through a PICC (peripherally inserted central catheter) line.  (R. 723, 730, 741, 879, 883-84, 1396, 1596, 1600, 1603). Plaintiff was noted to have immune deficiency, immunodeficiency disorder, Sjögren's syndrome, and IgG (Immunoglobulin G) deficiency.  (R. 759, 762-63, 883-84, 931, 1535, 1564).  Numerous medical records indicate fatigue, fever, or malaise, all three of which Listing 14.10B lists as part of the criteria to meet or equal the Listing.  (R. 746, 752, 756, 757, 762-63, 764, 883-84, 888, 902, 1300, 1302, 1379-80).  The court is aware these facts do not establish that Plaintiff's condition meets or medically equals a listed impairment, but they do beg an explanation in light of the regulations and the Listing sections cited above.  The court's concern is further highlighted by the fact the ALJ recognized Plaintiff's treating physicians, Dr. Mills and Dr. Sourk, opined she "would have excessive absenteeism that would preclude competitive work" (R. 88) (emphasis added) but accorded the opinions little weight without discussing the evidence of these potential sources of absenteeism despite specifically acknowledging Plaintiff has "a history of treatment for chronic aches and pains, as well as frequent sinus infections."  (R. 87).

As a final indication of the ALJ's failure to explain how he had resolved these ambiguities and material inconsistencies, the court notes that the ALJ accorded only some weight to the opinion of the state agency medical consultant, Dr. Landers, because the ALJ found greater standing and walking limitations.  He noted, "In general, however, Dr. Landers' opinion is well-explained, well-supported by the evidence, and consistent with the record as a whole."  (R. 88).  Notably, Dr. Landers found Plaintiff "does not have [a proper] diagnosis for immunodeficiency disorder," based upon testing in January

of 2014.  (R. 370).  The record evidence does not compel a different conclusion than that reached by Dr. Landers, but only because Sjögren's syndrome is an autoimmune disease, not an immunodeficiency disorder.  Nevertheless, in light of the fact that Plaintiff has since been diagnosed with Sjögren's syndrome, which the ALJ found to be a severe impairment, and in light of the other evidence discussed above, this is but one more ambiguity begging explanation in this case.

Remand is necessary for the Commissioner properly to consider Plaintiff's Sjögren's syndrome and the record evidence in accordance with § 14.00 of the Listing of Impairments and to explain how he resolved any resulting ambiguities and material inconsistencies.

Plaintiff seeks to have the court remand for an immediate award of benefits, but she has waived that remedy by failing to develop an argument supported by citation to statute, regulation, or case law suggesting the standard applicable in such a case and the facts which require a directed award of benefits rather than remand for reconsideration. Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING the case for further proceedings consistent with this decision.

Dated January 12, 2021, at Kansas City, Kansas.


s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**