# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| WENDY D. P.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 19-4040-JWL |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412) (Doc. 23). The Commissioner argues alternatively that the government's position was substantially justified or that the fee requested is unreasonable because an unreasonable amount of time was expended in reviewing the case record and preparing Plaintiff's Social Security Brief. The court finds the Commissioner has shown that the government's position, both at the agency level and before this court, was substantially justified. Therefore, the court DENIES Plaintiff's motion for attorney fees.

## I.  Background

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of this Social Security disability claimant, it has determined to caption this opinion using only the initial of the Plaintiff's last name.

Case 5:19-cv-04040-JWL   Document 28   Filed 05/20/21   Page 2 of 9

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits.  (Doc. 1).  The Commissioner answered and filed the transcript of record with the court.  (Doc. 7 & Attach. 1).  After briefing was complete, this court determined that "remand is necessary—for the Commissioner properly to consider the evidence in accordance with 20 C.F.R., Pt. 404, Subpt. P., App. 1 § 14.00 and Listing 14.10B."  (Doc. 21, p.8) (hereinafter M&O).  The court entered judgment remanding the case for further proceedings consistent with the court's Memorandum and Order. (Doc. 22).  Plaintiff now seeks payment of attorney fees pursuant to the EAJA.  (Doc. 23).

Plaintiff's counsel, Ms. Yvonne M. Ernzen, has established by attachments to her briefs that:  (1) she represents Plaintiff in this case, (2) she expended fifty seven and six-tenths hours in representing Plaintiff in the case in chief and (3) seven hours researching and preparing an EAJA reply brief.  Plaintiff's counsel also asserts that the fee cap under the EAJA, adjusted for cost of living increases, is $200.38 per hour.

## II.    Legal Standard

The court has a duty to evaluate the reasonableness of every fee request.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The EAJA,[2] 28 U.S.C. § 2412, requires that

---

[2]In relevant part, the EAJA states:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. ...

a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified.  Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)).  The test for substantial justification is one of reasonableness in law and fact.  Id.  Substantially justified means "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal citations omitted); see also Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). A "position can be justified even though it is not correct, and ... it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct" or "if there is a 'genuine dispute' ... or 'if reasonable people could differ as [to the appropriateness of the contested action]." Underwood, 487 U.S. at 565, 566 n.2 (citations omitted); see also Hackett, 475 F.3d at 1172 ("The government's 'position can be justified even though it is not correct.'") (quoting Underwood, at 566 n.2).   The Commissioner bears the burden to show substantial justification for his position.  Id.; Estate of Smith, 930 F.2d at 1501.   The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.  Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that its request is reasonable and must "submit evidence supporting the hours worked."  Hensley, 461 U.S. at 433, 434.   The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee

petition which must be defended.   Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

The Commissioner argues that the position of the United States was substantially justified.   Because the court finds the government's position was substantially justified, no fees may be awarded, and it will not address the reasonableness of Plaintiff's requested fees.

## III.   Discussion

### A.   Arguments

The Commissioner argues that his position, both at the agency level and before this court, had a reasonable basis in law and fact.   (Doc. 24 p.3) (hereinafter Comm'r EAJA Resp.).   He points to record evidence as cited in his Social Security Brief that Plaintiff's Sjögren's syndrome did not rise to the severity of Listing 14.10.   Id. at 4.   He concludes his argument:

> While it is certainly reasonable that the Court [sic] remanded for a more in depth discussion on the Listing to explain conflicting evidence, this does not inherently mean that the finding that the Listing was not met was not substantially justified.   As the Tenth Circuit has pointed out, "an unsuccessful litigating position does not necessarily fail the test of substantially justified."

Id. (quoting Hays v. Berryhill, 694 F. App'x 634, 637 (10th Cir. 2017)).

Plaintiff's counsel argues that the court's finding the Commissioner erred in failing properly to consider Plaintiff's impairment and in failing properly to explain his resolution of ambiguities and inconsistencies demonstrates that the government's position

4

contravenes longstanding agency regulations and judicial precedent and is, therefore, not substantially justified. (Doc. 27, 2-3) (hereinafter Pl. EAJA Memo.). She argues the record does not "reveal a reasonable basis for either the ALJ's legal error, or the Commissioner's litigation position in arguing there was no error." Id. at 3 (quoting Chester v. Apfel, 1 F. App'x. 792, 794 (10th Cir. 2001)). To the Commissioner's argument that evidence suggests Plaintiff's impairment did not meet the severity of Listing 14.10, she responds that the regulations provide for a Listing to be met <u>or equaled</u>. Id. She argues that the evidence cited in the Commissioner's case in chief, was shown in Plaintiff's Reply Brief not to be relevant to whether Plaintiff's condition meets or equals the Listing and was "implicitly acknowledged by this Court [sic]." Id.

### **B.** **Analysis**

Plaintiff's counsel's argument is essentially that if the Commissioner errs in a decision and the government argues in support of that erroneous decision before the court, it is never substantially justified. As noted above in discussing the standard applied in such cases, that is not the proper standard. Plaintiff's argument does not recognize the actual course of proceedings in this case, and for that reason does not recognize the justification for the Commissioner's position at the agency level nor for the government's position before this court.

Beginning with the Commissioner's position at the agency level, the court, in its decision in the case in chief, noted the ALJ's finding regarding Sjögren's syndrome:

> The claimant's condition does not meet the requirements of Listing 14.10,

> *Sjogren's syndrome* because she does not have involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity, and at least two constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss). The claimant does not have repeated manifestations of Sjogren's syndrome, as above, with limitation of activities of daily living, limitation in maintaining social functioning, or limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

(M&O, 6) (quoting R. 86). This is a reasonable basis in law for the ALJ to find Plaintiff's condition does not meet or equal the severity of Listing 14.10.

The court noted the ALJ recognized Plaintiff's testimony that she gets frequent infections as a result of this impairment and fatigues easily and it also noted the ALJ found her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Id. (citing R. 87). The ALJ's finding Plaintiff's allegations of symptoms are not consistent with the evidence provides a reasonable basis in fact to find Plaintiff's condition does not meet or equal the severity of Listing 14.10. Moreover, although Plaintiff cited Social Security Ruling (SSR) 16-3p and relied upon her allegations of symptoms in her Social Security Brief before this court, she did not argue error in the ALJ's evaluation of her allegations. While this court found error in the ALJ's consideration, it must also find his consideration was substantially justified.

Moving to the government's position before this court, the court first notes Plaintiff's argument in her Social Security Brief. Plaintiff argued the ALJ "failed to discuss the evidence regarding Plaintiff's Sjogren's syndrome," and "simply concluded

6

Plaintiff's Sjogren's syndrome did not 'meet' the requirements of Listing 14.10." (Pl. Br. 4). She pointed out that Social Security regulations require an ALJ to determine whether a claimant's impairments "meet or equal the severity of a listed impairment." Id. (citing 20 C.F.R. §§ 404.1525, 404.1526) (emphasis in original). Plaintiff argued, "The ALJ's decision is void of any determination whether Plaintiff's impairments, singly, or in combination, are equivalent in severity to a listed impairment." Id. at 4-5 (citing R. 86) (emphasis in original).

In response the Commissioner argued, "Plaintiff's arguments about the ALJ's Listings assessments is confusing as she in no way suggests any Listing has been met or equaled." (Comm'r Br. 9). He continued,

> Plaintiff … argues without discussion or support that the ALJ did not sufficiently discuss the Listings for … Sjogren's syndrome [and] fails to even suggest, much less point to evidence, that the requirements of these, or any other Listings were met. Without Plaintiff meeting her burden to demonstrate a Listing was met, there can be no claim for reversible error at step three.

Id. at 10 (citing Lax v. Astrue, 489 F.3d 1080, 1085 (10th Cir. 2007); Aslan v. Colvin, 637 F. App'x 509, 509 (10th Cir. 2016); Duncan v. Colvin, 608 F. App'x 566, 576 (10th Cir. Apr. 2, 2015)).

Once again, the Commissioner's argument provides a reasonable basis in law to support the ALJ's conclusion. And the ALJ's discounting Plaintiff's allegations of symptoms (which Plaintiff did not question) provides a reasonable basis in fact to reach the same conclusion, despite Plaintiff's contrary argument.

It was not until her Reply Brief that the Plaintiff more fully and clearly explained her argument that the ALJ did not consider all her immune system disorders in accordance with the preliminary instructions of 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 14.00, and in that context consider whether the impairments, in combination, met or medically equaled the severity of Listing 14.10B.   (Reply 6-7).

It was based on Plaintiff's more full and clear explanation that this court explained in its decision:

> As Plaintiff makes clear in her Reply Brief, it is her contention her condition both meets and equals Listing 14.10B for Sjögren's syndrome. (Reply 6).   However, she argues the ALJ failed properly to consider the evidence as it relates to the requirements of 20 C.F.R., Pt. 404, Subpt. P., App. 1 § 14.00 and Listing 14.10B.   In other words, Plaintiff argues she presented evidence that her condition meets or equals Listing 14.10B, but that the ALJ erred by ignoring it or failing to consider it according to the requirements of the Listings.

(M&O 8).   The court went on to discuss § 14.00's requirements as placed at issue in Plaintiff's Reply Brief and found that the facts raised in Plaintiff's arguments "do not establish that Plaintiff's condition meets or medically equals a listed impairment, but they do beg an explanation in light of the regulations and the Listing sections."   Id. at 10 (emphasis added).

While the ALJ erred in failing to fully explain his consideration of Listing 14.10, the Commissioner's position in supporting that consideration is substantially justified, especially when considering the manner in which the issue was presented.   Plaintiff's argument regarding the distinction between meeting and medically equaling the Listing

does not require a different result.   (Pl. Br. 4).   The ALJ found at step three that Plaintiff's impairment or combination of impairments does not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."   (R. 85) (finding no. 4) (bold omitted).   Moreover, the regulations require that in a situation such as this to show medical equivalence, the record must show findings related to the claimant's "impairments are at least of equal medical significance to those of a listed impairment."   20 C.F.R. § 404.1526(b)(3) (emphasis added).   Plaintiff has not shown and the court does not find a meaningful difference between the "equal medical significance" required for medical equivalence to an impairment and meeting verses medically equaling the severity of an impairment.

      **IT IS THEREFORE ORDERED** that Plaintiff's "Application for Attorney Fees under the Equal Access to Justice Act" (Doc. 23) be DENIED.

      Dated this 20th day of May 2021, at Kansas City, Kansas.


                      s:/   *John W. Lungstrum*
                      **John W. Lungstrum**
                      **United States District Judge**