**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **WENDY DAWN POPE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 19-4040-JWL** |
| | ) | |
| **KILOLO KIJAKAZI,**[1] | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 29) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).    Plaintiff's motion is GRANTED, approving a fee in the amount of $18,229.43 pursuant to the Social Security Act.

**I.    Background**

Plaintiff filed a Complaint in this court, seeking judicial review of a decision of the Commissioner of the Social Security Administration.    (Doc. 1).    After the

---

[1] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.    In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Nancy A. Berryhill as the defendant.    In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Commissioner answered and filed the administrative record, Plaintiff filed her Social Security Brief on November 22, 2019.   (Doc. 12).   On January 22, 2020, the Commissioner filed her Response Brief.   (Doc. 15).   On January 12, 2021, this court issued a Memorandum and Order reversing the Commissioner's decision and remanding the case in accordance with sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 21).   The court denied Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act in an order dated May 20, 2021.   (Doc. 28).   On remand, the Commissioner made a fully favorable decision and issued Notices of Award on July 22, 2023.   (Pl. Mot., Exs. 1, 2).   The total award of past due benefits was $96,917.70, and the Social Security Administration withheld $24,229.43 from which they paid Plaintiff's counsel $6,000 for work before the agency, leaving a total of $18,229.43 withheld for representative fees.   Id., Exs. 1, 2.   Plaintiff now seeks award of attorney fees for work before the court of $18,229.43 pursuant to § 206(b) of the Social Security Act (42 U.S.C. § 406(b)).   (Pl. Mot.).

## II.   Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

2

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,   . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case.   Where there is a contingency-fee agreement between plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness.   <u>Gisbrecht</u>, 535 U.S. at 807-08.   In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case.   <u>Id.</u> 535 U.S. at 808.   The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate.   <u>Id.</u>

The Tenth Circuit has explained the procedure used in applying <u>Gisbrecht</u>. <u>Gordon v. Astrue</u>, 361 F. App'x 933, 935–36 (10th Cir. 2010).   It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness

3

fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substantial; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors.   Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent years.   Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between

4

counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—
$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018
WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly
rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at
*3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams
v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018)
(affirming fee request resulting in an effective rate of $286.99 and citing cases approving
fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v.
Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018)
(affirming fee request resulting in an effective rate of $400.07 and citing cases approving
fee awards resulting in effective hourly rates ranging from $258.63 to $432.02);
Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec.
15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and
reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-
DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented
an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at
*1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28);
Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014)
(approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-
CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of
$389.61 within the range of hourly rates in similar cases in this district).   This court

recently approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); and at an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82; Gardipee v. Saul, Case No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021).

### III.   Discussion

Here, Plaintiff's attorney requests a fee award of $6,000 less than the full 25 percent of Plaintiff's past due benefits or $18,229.43 although she received the remaining $6,000 for her work before the agency.   (Pl. Mot, Ex. 1,p.3).   Counsel included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits.   Id., Ex. 3.   Counsel submitted a listing of the hours expended in prosecuting this case before the court showing 57.6 hours of attorney time expended.   Id., Ex. 4.   Counsel points out she requested a fee pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 which was denied.   Id. at 2.   Counsel argues that her skillful, effective, and efficient representation produced a positive result in this case and support awarding the fee requested.   Id. at 3-4.

The Commissioner submitted a response to Plaintiff's Motion asserting that she "neither supports nor opposes counsel's request for attorney fees."   (Doc. 30, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings. Although the court finds counsel

6

is responsible for ninety-six days of delay in this case, it finds she has met her burden to justify an award of $18,229.43 as a reasonable fee in the circumstances present here. The Local Rules when this case was proceeding provided forty-five days for Plaintiff to file her initial brief and fourteen days for her to provide a reply brief.   Counsel made two requests for an extension of forty-five days to file her initial brief and the court granted the first but only granted thirty days for the second extension.   (Docs. 8-12).   Counsel requested and was granted a sixteen-day extension of time to file her reply brief. (Docs.16-18).   Nonetheless, the court's review reveals that counsel was dealing with health issues in her family justifying the delay in the case.   (Doc. 8).

The hourly rate of $321.51 achieved by dividing the award by the attorney hours expended is easily found to be reasonable even though 56.7 hours seems to be excessive time expended on a Social Security case, even one with some unique features such as presented here.   The contingent nature of the fee would also justify a fee award which is higher than the normal hourly rate charged by practitioners when the claimant prevails, in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded.   This is particularly true due to the deferential standard applicable in Social Security cases, Biestek v. Berryhill, 139 S. Ct. 1148, at 1154, 1157 (2019).

Although the EAJA, 28 U.S.C. § 2412 requires the lower attorney fee received from the EAJA or § 406(b) to be refunded to the plaintiff, that is no factor here because there was no EAJA fee awarded.

7

The court finds that $18,229.43, is a reasonable fee, justified in the circumstances of this case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the Commissioner shall pay Plaintiff's counsel the sum of $18,229.43 out of the portion of Plaintiff's past due benefits withheld to pay representatives.

Dated September 14, 2023, at Kansas City, Kansas.


s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

8